IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| DALE SIMS and SHAMIS SIMS | § | PLAINTIFFS |
| | § | |
| | § | |
| v. | § | Civil No. 1:17cv22-HSO-JCG |
| | § | |
| | § | |
| HOWARD T. LINDEN | § | DEFENDANT |

## REPORT AND RECOMMENDATION

This matter is before the Court *sua sponte*. The Court has a continuing duty to examine subject matter jurisdiction and is required to dismiss any action over which it lacks jurisdiction. *Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982); *Warren v. United States*, 874 F.2d 280, 281-82 (5th Cir. 1989); Fed. R. Civ. P. 12(h)(3). In light of Plaintiff Dale Sims' testimony at the screening hearing held by the undersigned on March 9, 2017, and for the reasons that follow, the undersigned recommends that this case be dismissed without prejudice.

### I.  BACKGROUND

Plaintiff Dale Sims ("Ms. Sims") and her son Plaintiff Shamis Sims ("Mr. Sims") (collectively, "Plaintiffs") filed a pro se Complaint (ECF No. 1) on January 27, 2017, naming Howard T. Linden ("Mr. Linden") as the sole Defendant. (ECF No. 1, at 1). Ms. Sims signed the Complaint, but Mr. Sims did not.

According to the Complaint, Mr. Linden is an attorney in Michigan who did

legal work on behalf of Mr. Sims or Mr. Sims' father's estate.[1] Plaintiffs assert claims related to certain actions taken by Mr. Linden regarding monies Mr. Sims received through his father's estate and a trust fund, which apparently expired when Mr. Sims turned 18. *Id.* at 4. According to the Application for Leave to Proceed *In Forma Pauperis* ("IFP") filed on behalf of Mr. Sims, he is now 36 years old. (ECF No. 4, at 5). The Complaint appears to assert state-law claims related to Mr. Linden's legal work and actions taken during the 1990s.

Ms. Sims and Mr. Sims have each filed an Application for Leave to Proceed IFP. (ECF No. 2); (ECF No. 4). On March 9, 2017, the undersigned Magistrate Judge conducted a screening hearing regarding the IFP applications and the allegations in the Complaint. *See* Mar. 9, 2017, Minute Entry. Mr. Sims did not attend the screening hearing, despite the warning in the Court's Order setting the hearing that "Plaintiffs are warned that if they fail to appear at the screening hearing, this case may be dismissed without prejudice and without further notice to Plaintiffs." (ECF No. 5, at 2).

At the hearing, Ms. Sims informed the Court that Mr. Sims resides in Michigan and is currently incarcerated.[2] Ms. Sims also informed the Court that Mr.

---

[1] According to the Complaint, Mr. Sims was the beneficiary of his father's estate after his passing. Ms. Sims was not married to Mr. Sims' father and was apparently not a beneficiary of the estate.
[2] Ms. Sims brought to the hearing a letter, purportedly signed by Mr. Sims, explaining that he could not attend the hearing because he had been arrested. Ms. Sims explained that she had instructed Mr. Sims to preemptively send her this letter in case he should be arrested. The Court independently verified that someone by the name of Shamis Sims is and was incarcerated with the Oakland

Sims did not sign the Complaint; Ms. Sims filed it on his behalf.

## II.  DISCUSSION

A.  The Court does not have subject matter jurisdiction.

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over those matters specifically designated by the Constitution or Congress. *Halmekangas v. State Farm Fire and Cas. Co.*, 603 F.3d 290, 292 (5th Cir. 2010) (quoting *Epps v. Bexar-Medina-Atascosa Counties Water Improvement Dist. No. 1,* 665 F.2d 594, 595 (5th Cir. 1982)). Courts "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001).

Federal jurisdiction is typically predicated upon either (1) the presence of a federal question, *see* 28 U.S.C. § 1331, or (2) the complete diversity of the parties with a sufficient amount in controversy, *see* 28 U.S.C. § 1332. There is no federal question presented on the face of the Complaint. The issue before the Court therefore is whether diversity jurisdiction existed at the time the Complaint was

---

County, Michigan Sheriff's Office. *See Current Inmates*, Oakland County Sheriff's Office, https://www.oakgov.com/sheriff/Pages/Inmates-Current.aspx (last visited May 12, 2017). The Oakland County Sheriff's Office website indicates that a Shamis Sims was booked on February 27, 2017. However, it also indicates that Shamis Sims' date of birth is April 11, 1989, which means one of two things: either this Shamis Sims is not the plaintiff in the instant case, or Shamis Sims' age is misstated in his IFP Application. Assuming the latter of these two options, it would appear that Mr. Sims did not fill out and submit his IFP Application.

3

filed.

28 U.S.C. § 1332 provides that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States . . . ." 28 U.S.C. § 1332(a)(1). According to the Complaint and Ms. Sims' hearing testimony, both Mr. Linden and Mr. Sims are citizens of Michigan. Therefore, complete diversity of citizenship is lacking, and, as such, this Court lacks subject matter jurisdiction.

B.     <u>Alternatively, Plaintiffs' claims should otherwise be dismissed.</u>

Even if complete diversity existed at the time the Complaint was filed, Plaintiffs' claims should nevertheless be dismissed. Mr. Sims did not sign the Complaint or provide an address where he can be reached, and Ms. Sims cannot represent her son pro se. He has failed to correct any of the deficiencies with the Complaint. *See* Fed. R. Civ. P. 11(a); *Wilkerson v. Haabs*, No. 10-1067, 2010 WL 1687896, at *3 (C.D. Ill. Apr. 23, 2010). Mr. Sims also failed to appear at the screening hearing or alert the Court beforehand that he could not appear, despite being warned that the case could be dismissed without prejudice and without further notice to him if he failed to appear. *See* (ECF No. 5, at 2). Mr. Sims' claims should be dismissed for these reasons as well.

It is unclear from a liberal reading of the Complaint what individual claims

4

Ms. Sims asserts against Mr. Linden. Even if Ms. Sims does attempt to assert her own individual claims, it is not evident from the record that Ms. Sims would have Article III standing to bring the present claims against Linden, which are all essentially asserted on behalf of her adult son. *See, e.g., Rohm & Hass Tex., Inc. v. Ortiz Bros. Insulation*, 32 F.3d 205, 208 (5th Cir. 1994) (holding that a federal court's jurisdiction can be invoked only when the plaintiff herself has suffered some threatened or actual injury, that a party generally does not have standing "to champion the rights of another," and that even "[a]n indirect financial stake in another party's claims is insufficient to create standing") (quotations omitted). Ms. Sims' claims should therefore be dismissed for this reason as well.

Moreover, the incidents complained of all occurred in the 1990s. Absent tolling, any civil statute of limitations would certainly have run by the date the Complaint was filed in 2017.[3] There does not appear to be any basis for tolling in the record. Therefore, Plaintiffs' claims would be barred by the applicable statute of

---

[3] *See, e.g.,* Miss. Code Ann. §§ 15-1-25 (requiring action to be brought against any executor or administrator within four years after the qualification of such executor or administrator), 15-1-27 (five-year statute of limitations after wards turns 21 years old for actions against a guardian), & 15-1-49 (three-year catchall statute of limitations); *Bradley v. Jordan*, 182 So. 3d 439, 440 (Miss. 2016) ("The three-year statute of limitations found in Mississippi Code Section 15-1-49 applies to actions for legal malpractice."); *see also* Mich. Comp. Laws Ann. §§ 600.5813 (six-year general statute of limitations) & 600.5838b (action for legal malpractice shall be commenced by the earlier of the applicable statute of limitations or six years after the date of the act or omission that is the basis of the claim); *Sam v. Balardo*, 411 Mich. 405, 425 (1981) (holding that legal malpractice action is subject to two-year statute of limitations under Mich. Comp. Laws Ann. § 600.5805(6)).

limitations.

### III.   RECOMMENDATION

For the foregoing reasons, the undersigned recommends that this civil action be dismissed without prejudice pursuant to Federal Rule of Civil Procedure 12(h)(3) for lack of subject matter jurisdiction.

### IV.   NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to Local Uniform Civil Rule 72(a)(3),

> After service of a copy of the magistrate judge's report and recommendations, each party has fourteen days to serve and file written objections to the report and recommendations.  A party must file objections with the clerk of court and serve them upon the other parties and submit them to the assigned district judge.  Within seven days of service of the objection, the opposing party or parties must either serve and file a response or notify the district judge that they do not intend to respond to the objection.

L.U. Civ. R. 72(a)(3); *see* 28 U.S.C. § 636(b)(1).

An objecting party must specifically identify the findings, conclusions, and recommendations to which he objects. The District Judge need not consider frivolous, conclusive, or general objections. A party who fails to file written objections to the proposed findings, conclusions, and recommendations shall be barred, except upon grounds of plain error, from attacking on appeal any proposed factual finding or legal conclusion adopted by the Court to which he did not object. *Douglass v. United Servs. Auto. Assoc.,* 79 F.3d 1415, 1428-29 (5th Cir. 1996).

The Clerk of Court is directed to mail this Report and Recommendation to Plaintiff via USPS certified mail.

**SIGNED,** this the 15th day of May, 2017.

*s/ John C. Gargiulo*
JOHN C. GARGIULO
UNITED STATES MAGISTRATE JUDGE