IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| DALE SIMS and SHAMIS SIMS | § | PLAINTIFFS |
| | § | |
| v. | § | Civil No. 1:17cv22-HSO-JCG |
| | § | |
| HOWARD T. LINDEN | § | DEFENDANT |

**ORDER OVERRULING PLAINTIFFS' OBJECTION [15], ADOPTING MAGISTRATE JUDGE'S [13] REPORT AND RECOMMENDATION, AND DISMISSING PLAINTIFFS' CLAIMS WITHOUT PREJUDICE**

This matter comes before the Court on the Report and Recommendation [13] of United States Magistrate Judge John C. Gargiulo, entered in this case on May 15, 2017. After the Magistrate Judge conducted a screening hearing on March 9, 2017, based upon his review of the record and relevant legal authority, the Magistrate Judge recommended that Plaintiffs' claims be dismissed without prejudice for lack of subject-matter jurisdiction. R. & R. [13] at 6. Plaintiffs have filed what has been docketed as an Objection [15] to the Report and Recommendation and have filed various other documents since entry of the Report and Recommendation.

After thoroughly reviewing Plaintiffs' Objection [15] and other filings, the Magistrate Judge's Report and Recommendation [13], the record, and relevant legal authority, the Court finds that Plaintiffs' Objection [15] should be overruled and that the Magistrate Judge's Report and Recommendation [13] should be adopted as the finding of the Court. Plaintiffs' claims will be dismissed without prejudice for

1

lack of subject-matter jurisdiction.

## I. BACKGROUND

Plaintiffs Dale Sims ("Ms. Sims") and Shamis Sims ("Mr. Sims") filed a pro se Complaint [1] in this Court on January 27, 2017, naming Howard T. Linden ("Mr. Linden") as the sole Defendant. Compl. [1] at 1. Ms. Sims signed the Complaint, but Mr. Sims did not.

According to the Complaint, Mr. Linden is an attorney in Michigan who allegedly performed legal work on behalf of Mr. Sims' or Mr. Sims' father's estate. Plaintiffs assert claims related to certain actions taken by Mr. Linden regarding monies Mr. Sims received through his father's estate and a trust fund, which apparently expired when Mr. Sims turned 18. *Id.* at 4. Mr. Sims is now 37 years old. *See* Mr. Sims' Letter [20] at 1. The Complaint appears to raise state-law claims related to Mr. Linden's legal work and actions taken during the 1990s. Based upon the record, both Mr. Sims and Mr. Linden appear to be citizens of Michigan. *See, e.g.,* Compl. [1] at 3; Attachment [17] at 1; Am. Mot. [18] at 5.

On March 9, 2017, the Magistrate Judge conducted a screening hearing. *See* Mar. 9, 2017, Minute Entry. While Mr. Sims did not appear at the hearing due to his incarceration in Michigan, Ms. Sims testified at the hearing that both Mr. Linden and Mr. Sims are citizens of Michigan. R. & R. [13] at 4.

## II. DISCUSSION

A. Standard of Review

Where no party has objected to the Magistrate Judge's Report and Recommendation, the Court need not conduct a de novo review of it. 28 U.S.C. §

636(b)(1) ("a judge of the court shall make a de novo determination of those portions of the report or specified proposed findings and recommendations to which objection is made"). In such cases, the Court applies the "clearly erroneous, abuse of discretion and contrary to law" standard of review. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989).

Because Plaintiffs have filed what has been docketed as a written Objection [15] to the Magistrate Judge's Report and Recommendation, the Court "make[s] a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). "Such review means that this Court will examine the entire record and will make an independent assessment of the law." *Lambert v. Denmark,* Civil No. 2:12-cv-74-KS-MTP, 2013 WL 786356, *1 (S.D. Miss. Mar. 1, 2013). In conducting a de novo review, the Court is not "required to reiterate the findings and conclusions of the magistrate judge." *Koetting v. Thompson*, 995 F.2d 37, 40 (5th Cir. 1993).

B.  The Magistrate Judge's Report and Recommendation should be adopted.

Plaintiffs have not submitted any evidence to contradict the Magistrate Judge's finding that complete diversity of citizenship is lacking, nor do they argue that there is complete diversity of citizenship. Instead, Plaintiffs' filings since the entry of the Magistrate Judge's Report and Recommendation appear to focus upon the amount in controversy requirement of 28 U.S.C. § 1332(a). *See, e.g.,* Documents [22], [21], [20].

Because no objection was made as to the lack-of-diversity finding, the Court need not conduct a de novo review of that finding. *See Wilson*, 864 F.2d at 1221.

However, even under a de novo review, the Court concludes that the Magistrate Judge's finding that the parties are not completely diverse is supported by the record. The Court concludes that Mr. Sims and Mr. Linden are both citizens of Michigan. Complete diversity of citizenship is lacking, and Plaintiffs have not stated a federal claim. The Court will adopt the Magistrate Judge's Report and Recommendation [13] as the opinion of this Court and will dismiss Plaintiffs' claims without prejudice for lack of subject-matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(h)(3).

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, Plaintiffs' Objection [15] is **OVERRULED**, and the Report and Recommendation [13] of United States Magistrate Judge John C. Gargiulo, entered on May 15, 2017, is **ADOPTED** in its entirety as the finding of this Court.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, Plaintiffs' claims are **DISMISSED WITHOUT PREJUDICE** for lack of subject-matter jurisdiction. A separate final judgment will be entered pursuant to Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED**, this the 21st day of September, 2017.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE